# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

JESUS EDUARDO NAVARRO-BARRIOS,

    Petitioner,

v.                                                                              Civ. No. 18-985 JCH/GJF
                                                                        Crim. No. 17-1629 KG

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

THIS MATTER is before the Court on the "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("§ 2241 Petition") filed by Defendant Jesus Eduardo Navarro-Barrios. ECF No. 1. The Court has also reviewed the docket in criminal case no. CR 17-01629 KG.

Navarro-Barrios' Petition states that he seeks to challenge "the validity of sentence beyond the statutory maximum because my lawyer promised to me the I was going received last than 41 months. . . [m]y action is because my lawyer promised to me the I was going to received last than 41 months but I got sentence to 41 months." ECF No. 1. Navarro-Barrios explains that he filed his § 2241 Petition rather than a § 2255 motion "because I don't want to open my case I yes want to request to this court what my lawyer promised to do." *Id*. at 5. Navarro-Barrios clearly seeks a modification of his sentence so that he receives less than 41 months of incarceration.

The exclusive remedy to challenge a sentence on the grounds that it is in excess of the statutory maximum or otherwise subject to collateral attack is the remedy provided in 28 U.S.C. § 2255. The Court intends to recharacterize Navarro-Barrios' § 2241 Petition as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless

1

it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255").

Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383. Consistent with *Castro,* the Court notifies Navarro-Barrios that it intends to recharacterize his § 2241 Petition as a first § 2255 motion and afford him an opportunity to withdraw the § 2241 Petition or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify **all grounds** for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (emphasis added)). If Navarro-Barrios fails to timely amend or withdraw his § 2241 Petition, then Navarro-Barrios' § 2241 Petition will be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS ORDERED** that Defendant Jesus Eduardo Navarro-Barrios is **GRANTED** leave to amend or withdraw his § 2241 Petition, which the Court intends to recharacterize as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, within twenty-one (21) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a copy of this Order, together with a form § 2255 motion and instructions, to Navarro-Barrios.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE