## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JESUS EDUARDO NAVARRO-BARRIOS,

      Movant,

vs.                                                  No. CV 18-00985 JCH/GJF
                                                     (No. CR 17-01629 KG)

UNITED STATES OF AMERICA,

      Respondent.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Defendant/Movant Jesus Eduardo Navarro-Barrios, which the Court construes as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ( Doc. 1) ("Motion").  The Court dismisses the Petition under Rule 4 of the Rules Governing § 2255 Proceedings.

Movant Jesus Eduardo Navarro-Barrios filed his Motion in this Court on October 18, 2018. (Doc. 1).  Navarro-Barrios filed the Motion on a form used for habeas corpus petitions under 28 U.S.C. § 2241.  (Doc. 1).  Navarro-Barrios' filing stated that he seeks to challenge "the validity of sentence beyond the statutory maximum because my lawyer promised to me the I was going received last than 41 months. . . [m]y action is because my lawyer promised to me the I was going to received last than 41 months but I got sentence to 41 months."  (Doc. 1 at 2).  Navarro-Barrios explained that he filed his § 2241 petition rather than a § 2255 motion "because I don't want to open my case I yes want to request to this court what my lawyer promised to do."  (Doc. 1 at 5).

Consistent with *Castro v. United States,* 540 U.S. 375 (2003), on October 23, 2018, the Court notified Navarro-Barrios that it intended to construe his filing as a motion to vacate, set

aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 2 at 1). The Court granted Navarro-Barrios the opportunity to either withdraw the petition or amend it to assert all grounds he may have available for relief under § 2255. (Doc. 2 at 2). Navarro-Barrios did not respond to the Court's October 23, 2018 Order within the 21-day time-period allowed by the Court and has never withdrawn or amended his filing.

The exclusive remedy to challenge a sentence on the grounds that it is in excess of the statutory maximum or otherwise subject to collateral attack is the remedy provided in 28 U.S.C. § 2255. *Castro v. United States,* 540 U.S. 375 (2003). Navarro-Barrios clearly challenges the validity of his sentence and seeks a modification of his sentence so that he receives less than 41 months of incarceration. (Doc. 1 at 4). Pursuant to *Castro v. United States,* when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383. As required by *Castro,* the Court notified Navarro-Barrios that it intended to recharacterize his § 2241 Petition as a first § 2255 motion and afforded him an opportunity to withdraw the § 2241 Petition or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify ***all grounds*** for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (emphasis added)). Navarro-Barrios failed to timely amend or withdraw his § 2241 petition. Therefore, the Court recharacterizes Navarro-Barrios' § 2241 petition as a first 28 U.S.C. § 2255 motion to vacate, set

2

aside, or correct sentence. *See Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255").

Movant Navarro Barrios was charged with Possession With Intent to Distribute 50 Kilograms and More of a Mixture and Substance Containing a Detectable Amount of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and Aiding and Abetting in violation of 18 U.S.C. § 2. (CR 17-01629 KG, Doc. 23). On July 20, 2017, he entered into a Plea Agreement. (CR Doc. 43). The Plea Agreement stated that the maximum penalty for the crime charged was 20 years. (CR Doc. 43 at 2). The Plea Agreement also stated that there was no agreement as to sentence length. (CR Doc. 43 at 3). The Plea Agreement indicated Navarro-Barrios would receive a 2-point reduction for acceptance of responsibility and a 1-point reduction for cooperation with the government. (CR Doc. 43 at 3-4).

The Plea Agreement was signed by Navarro-Barrios and his counsel. (CR Do. 43 at 9). The record reflects that the terms of the Plea Agreement were presented to Navarro-Barrios in Spanish. (Doc. 43 at 9; Doc. 44). The Plea Agreement expressly stated "[t]here have been no representations or promises from anyone as to what sentence the Court will impose." (CR Doc. 43 at 7). Based on the plea colloquy, the Court concluded that Navarro-Barrios' plea was freely, voluntarily, and intelligently made, and the guilty plea was accepted by the Court. (Doc. 44).

The Presentence Investigation Report ("PSR") also indicated that, in calculating his offense level, Navarro-Barrios was being given a 2-point reduction for acceptance of responsibility and a 1-point reduction for cooperation with the government. (CR Doc. 47 at 4-5). The PSR indicated that, with the three-point reduction, the Guideline range for sentencing was 41-51 months. (CR Doc. 47 at 4-5, 8). Absent the Plea Agreement, the Guideline range would have been 91-121

months.  (CR Doc. 47 at 8).  The Court imposed a sentence of 41 months at the bottom of the Guideline range.  (Doc. 56, 60).

Navarro-Barrios contends his sentence is invalid because it exceeds the statutory maximum and his lawyer promised him that he would receive less than 41 months.  (Doc. 1 at 2).  In his Motion, Navarro-Barrios asserts four grounds for relief:

(1) that the Court should apply new offender guidelines that came into effect when he filed his motion (Doc. 1 at 6-7);
(2) that his lawyer was ineffective because he was going to get a reduction in the sentence for cooperation with the government and never did (Doc. 1 at 7);
(3) that he wants a "fast track" program (Doc. 1 at 7); and
(4) that his attorney promised him to file some motion for a reduction in sentence for cooperation with the government and never did (Doc. 1 at 8).

None of the grounds asserted by Movant Navarro-Barrios support his claim and he is not eligible for relief under § 2255.

As a fundamental matter, Navarro-Barrios' claim that his 41-month sentence exceeded a statutory maximum and was contrary to a promise made by counsel is without merit.  Contrary to Navarro-Barrios' contentions, he did not receive a sentence that exceeded any statutory maximum but, instead, received a 41-month sentence, which was at the bottom of the Guideline range.  (CR Doc. 47 at 8; CR Doc. 56, 60).   Further, to the extent Navarro-Barrios claims that his lawyer promised him he would receive a sentence of less than 41 months, the Plea Agreement contradicts his contention.  The Plea Agreement specifically states that there is no agreement as to the length of sentence and that no representations or promises have been made as to what sentence the Court would impose.  (CR Doc. 43 at 7). Navarro-Barrios is not eligible for § 2255 relief on any claim that his sentence exceeded either a statutory maximum or a promised term of imprisonment.  Rule 4 of the Rules Governing Section 2255 Proceedings.

The four grounds raised by Navarro-Barrios are similarly without merit.  The first argument raised by Navarro-Barrios is that the Court should apply sentencing guidelines for first

4

offenders that he claims came into effect around the time he filed his Motion.  (Doc. 1 at 6-7).
However, a sentencing court generally must apply the sentencing guidelines in effect on the date
of sentencing. *United States v. Orr,* 68 F.3d 1247, 1252 (10th Cir.1995); *United States v.
Swanson*, 360 F.3d 1155, 1166 (10th Cir. 2004).  However, the Court may decide to apply
guidelines that were in effect at the time of the offense if it finds that the guidelines at the time of
sentencing disadvantage the defendant.  *United States v. Orr,* 68 F.3d 1252.  However, absent a
retroactively applicable amendment to the guidelines, the law does not permit the Court to
modify a sentence by applying sentencing guidelines that came into effect after sentencing.

As his second and fourth grounds, Navarro-Barrios contends that his counsel was
ineffective in failing to obtain a reduction in sentence for cooperation with the government.
Navarro-Barrios claims his lawyer was ineffective (i) because he was going to get a reduction in
the sentence for cooperation with the government and never did and (ii) because he failed to file a
motion for reduction of sentence for the one-point reduction.  (Doc. 1 at 7, 8).  In order to establish
a claim of ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's
performance was deficient, and (2) that the deficient performance prejudiced the defense.
*Strickland v. Washington,* 466 U.S. 668, 687 (1984).  To establish deficient performance, the
challenger must show that counsel's representation fell below an objective standard of
reasonableness.  *Id.* at 688.  To establish prejudice, the movant must show there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would have
been different.  *Id.* at 694.  The likelihood of a different result must be substantial, not just
conceivable.  *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that
he would not have pled guilty had his attorney performed in a constitutionally adequate manner.
*Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001).  If a plea was intelligently and

voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457, 458 (5th Cir. 1977); *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

In this case, the record does not support but, instead, refutes Navarro-Barrios' contention that his counsel was ineffective in the sentencing phase.  The record demonstrates that his counsel obtained the 1-point reduction for cooperation with the government that Navarro-Barrios claims he was promised by counsel.  (CR Doc. 43 at 3-4; 47 at 5, 8; 56; 60).  Navarro-Barrios fails to establish that his counsel's performance was deficient or that he was, in any way, prejudiced by counsel's performance. *Strickland v. Washington,* 466 U.S. at 687; *Harrington v. Richter,* 562 U.S. at 112.

Further, a defendant cannot demonstrate ineffective assistance of counsel where, as here, the plea colloquy belies the argument that he was not adequately informed of the terms and consequences of the plea agreement. *See Holt v. Braco* 418 Fed. App'x 697, 701(10th Cir. 2011) (numerous courts have denied relief under § 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance when their plea colloquies demonstrated otherwise). The record is sufficient to establish that Navarro-Barrios knowingly and voluntarily entered into the Plea Agreement. *Akridge,* 545 F.2d at 458.  Further, Navarro-Barrios does not contend that, but for a failure on his counsel's part, he would not have pled guilty to the charges.  *Miller v. Champion,* 262 F.3d at 1072. Navarro-Barrios has not shown that he received constitutionally inadequate assistance of counsel in negotiating and entering into the Plea Agreement or in the sentencing phase and is not entitled to relief on that ground.  *Allen v. Mullin,* 368 F.3d at 1246.

As his last grounds for relief, Navarro-Barrios contends that he wants a "fast track" program (Doc. 1 at 7). The Fast Track Program is a discretionary program of the Department of Justice, not part of the Court's sentencing authority.  If the United States does not offer a Fast

Track plea agreement to the defendant, the Court cannot require it to do so.  Nor may it substitute its own judgment and order the equivalent of a fast track agreement because such an action would impinge on prosecutorial authority.  *See United States v. Armenta-Castro,* 227 F.3d 1255, 1257 (10th Cir.2000); *see also United States v. Banuelos-Rodriguez,* 215 F.3d 969, 972-78 (9th Cir.2000) (en banc); *United States v. Bonnet-Grullon,* 212 F.3d 692, 697-710 (2d Cir.2000); *United States v. Morales-Chaires*, 430 F.3d 1124, 1127–28 (10th Cir. 2005).

The Court will dismiss Navarro-Barrios' § 2255 claims under Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also determines that, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, Navarro-Barrios has failed to make a substantial showing that she has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Jesus Eduardo Navarro-Barrios (CV Doc. 1) is **DISMISSED**, a certificate of appealability is **DENIED** under Rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

7